J-S47036-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

COMMONWEALTH OF PENNSYLVANIA,  :   IN THE SUPERIOR COURT OF
                               :         PENNSYLVANIA

         Appellee            :
                               :

            v.              :
                               :

MCKINLEY WILLIAM BERRY,       :
                               :

         Appellant        :     No. 170 WDA 2018

Appeal from the PCRA Order January 19, 2018
in the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000288-2016

BEFORE:   OLSON, MCLAUGHLIN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       FILED SEPTEMBER 5, 2018

McKinley William Berry (Appellant) appeals pro se from the January 19, 2018 order denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. Upon review, we vacate the order and remand for proceedings consistent with this memorandum.

Appellant and his co-conspirators "were attempting to rob drug dealers and the drug dealers killed one of the co-conspirators" during this altercation. N.T., 1/24/2017, at 3. Although Appellant himself did not kill anyone, he was charged with, inter alia, second-degree murder because someone died during his perpetrating a felony. See 18 Pa.C.S. § 2502(b) ("A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.").

_____
* Retired Senior Judge assigned to the Superior Court.

However, due to these somewhat unusual facts, and conflicting case law as to whether Appellant could be prosecuted for second-degree murder, the Commonwealth offered a plea agreement to Appellant. That agreement would dismiss all other charges and permit Appellant to plead guilty to "burglary, robbery, and criminal conspiracy to commit aggravated assault." N.T., 1/24/2017, at 3-4. In addition, the Commonwealth and Appellant agreed to a sentence of five to ten years of incarceration for burglary, a consecutive three-and-a-half to seven years of incarceration for robbery, and a concurrent five to ten years of incarceration for criminal conspiracy. The trial court accepted the plea agreement and scheduled sentencing for March 2, 2017. The trial court imposed the agreed-upon sentence that day.

On May 26, 2017, Appellant filed pro se a post-sentence motion. The trial court denied that motion, and Appellant timely filed pro se a notice of appeal. Appellant filed a request with this Court to withdraw that appeal, and on July 19, 2017, this Court discontinued the appeal. On July 20, 2017, Appellant pro se filed a PCRA petition. On July 25, 2017, the PCRA court, not realizing the prior appeal was discontinued, dismissed Appellant's PCRA petition without prejudice.

On October 20, 2017, Appellant filed pro se another PCRA petition. Counsel was appointed, and she filed a petition to withdraw and no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). On

December 20, 2017, the PCRA court entered an order pursuant to Pa.R.Crim.P. 907 (Rule 907 notice), which granted counsel's petition to withdraw and provided Appellant 20 days to file a response. Appellant did not respond, and on January 19, 2018, the PCRA court dismissed Appellant's petition.

Appellant timely filed a notice of appeal. On February 12, 2018, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Appellant did not file a statement, and on March 9, 2018, the PCRA court issued an opinion concluding that Appellant had waived all issues on appeal for failing to file timely a concise statement. See PCRA Court Opinion, 3/9/2018.

On March 16, 2018, Appellant pro se filed an application for relief with this Court, claiming that he did not receive a copy of the concise statement order, and requesting that he be permitted to file his concise statement. On March 23, 2018, this Court entered an order directing the PCRA court to determine whether it had served Appellant with a copy of its concise statement order. This Court suspended the briefing schedule and retained jurisdiction. Meanwhile, on March 19, 2018, Appellant filed a concise statement.

On April 17, 2018, the PCRA court filed an opinion stating that the concise statement order was not mailed to Appellant's proper address until March 5, 2018; thus, it concluded Appellant's March 19, 2018 concise statement was timely filed. PCRA Court Opinion, 4/17/2018, at 1. The PCRA court, however, also learned that Appellant was never served the Rule 907

- 3 -

notice, which granted counsel's petition to withdraw and permitted Appellant to file a response.[1] Thus, the PCRA court requests that this Court remand the case to permit Appellant to file a response to the Rule 907 notice. Id. at 2.

On appeal, Appellant argues, inter alia, that PCRA counsel was ineffective in her representation.[2] See Appellant's Brief at 5 (unnumbered). We have held that "a PCRA petitioner cannot assert claims of PCRA counsel ineffectiveness for the first time on appeal." Commonwealth v. Henkel, 90 A.3d 16, 28 (Pa. Super. 2014). In fact, the time to raise such a claim is in response to the Rule 907 notice, which in this case, Appellant never received. See Commonwealth v. Ford, 44 A.3d 1190, 1198 (Pa. Super. 2012) ("[A] petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss.").

Thus, we agree with the PCRA court that remand is necessary; we cannot permit the court's error to cause Appellant to waive a potential issue for review.

_____

[1] Counsel indicated that she received a copy of that notice, but she never sent it to Appellant. The clerk of courts also did not serve Appellant with that notice. PCRA Court Opinion, 4/17/2018, at 1 n.1.

[2] This claim is raised in his statement of questions involved and not in the argument section of Appellant's brief.

Accordingly, we vacate the January 19, 2018 order dismissing Appellant's PCRA petition and remand for the PCRA court to re-file and send its Rule 907 notice to Appellant.[3]

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/2018

---

[3] In essence, due to a breakdown in the court's operations, we are re-setting the clock in this case to December 20, 2017, when the PCRA court entered its Rule 907 notice.